**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000742
24-APR-2014
08:27 AM**

CAAP-11-0000742

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JERRY MAGALION, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1SD11-1-00006)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Leonard, JJ.)

Petitioner-Appellant Jerry Magalion (Magalion) appeals from the "Findings of Fact, Conclusions of Law and Order Denying Amended [Hawai'i Rules of Penal Procedure (HRPP)] Rule 40 Petition to Vacate, Set Aside, or Correct Judgment" (Order Denying Amended Petition) filed by the District Court of the First Circuit (Circuit Court)[1] on October 4, 2011. We affirm.

I.

In his underlying criminal case, Magalion pleaded guilty to operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and (a)(3) (Supp. 2006).[2] Magalion was

_____

[1] The Honorable William A. Cardwell presided.

[2] The State of Hawai'i alleged that the OVUII offense occurred on or about March 3, 2007.

represented by counsel. On May 2, 2007, the District Court sentenced Magalion and filed its Judgment. Magalion did not appeal his conviction or sentence.

On September 6, 2011, Magalion filed a petition for post-conviction relief pursuant to HRPP Rule 40 (2006), and he filed an amendment to the petition on September 28, 2011. Magalion's petition, as amended, is referred to as the "Amended Petition." The District Court denied Magalion's Amended Petition through its Order Denying Amended Petition filed on October 4, 2011.

On appeal, Magalion contends that the District Court erred in denying his Amended Petition because: (1) his OVUII charge was deficient pursuant to State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009), because it failed to allege that he operated his vehicle "upon a public way, street, road or highway" (public-road element); and (2) in accepting his guilty plea, the trial court did not make any inquiry into the factual basis for his guilty plea and therefore failed to satisfy itself that there was a factual basis for his plea as required by HRPP Rule 11(f) (2007).

II.

We resolve Magalion's arguments on appeal as follows:

1. Magalion does not contend that he was in fact operating his vehicle on a non-public road or that he suffered any prejudice from the failure of his OVUII charge to specifically allege the public-road element. Under similar circumstances, this court in Christian v. State, 131 Hawai'i 153, 315 P.3d 779 (App. 2013), rejected Christian's collateral attack of his OVUII conviction, which was based on the failure of his OVUII charge to allege the public-road element. Based on Christian, we conclude that Magalion is not entitled to relief on his claim that his OVUII charge was deficient for failure to allege the public-road element.

2. Magalion argues that the trial court's violation of HRPP Rule 11(f), by accepting his guilty plea without

2

satisfying itself that there was a factual basis for the plea, requires that his OVUII conviction be vacated. Magalion, however, did not file a direct appeal of his conviction to raise this claim. See HRPP Rule 40(a)(3) (stating that HRPP Rule 40 proceedings are not available "where the issues sought to be raised have been previously ruled upon or were waived").

Moreover, Magalion does not contend that an actual factual basis for his guilty plea was lacking, that is, he does not contend that if requested, the prosecution would have been unable to establish a factual basis for his plea. Magalion also does not explain why his decision to plead guilty would have been affected if the trial court had complied with HRPP Rule 11(f) and required a factual basis for his plea. Under these circumstances, we conclude that Magalion is not entitled to have his OVUII conviction vacated based on the trial court's failure to comply with HRPP Rule 11(f). See United States v. Timmreck, 441 U.S. 780, 785 (1979) ("'[C]ollateral relief is not available when all that is shown is a failure to comply with the formal requirements of [Rule 11 of the Federal Rules of Criminal Procedure].'" (citation omitted)).

III.

We affirm the District Court's denial of Magalion's Amended Petition set forth in its October 4, 2011, Order Denying Amended Petition.

DATED: Honolulu, Hawai'i, April 24, 2014.

On the briefs:

Richard L. Holcomb
(Holcomb Law, LLLC)
for Petitioner-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

_Craig H. Nakamura_
Chief Judge

_Daniel R. Foley_
Associate Judge

Associate Judge

3